**Daniel PAQUETTE**

v.

**Jacqueline Paquette TROTTIER.**

**No. 97–462–Appeal.**

Supreme Court of Rhode Island.

Oct. 23, 1998.

William F. Holt, Providence.

Thomas E. Hefner, Greenville.

**O R D E R**

This case comes to us on appeal from an order of the Superior Court dismissing the plaintiff-appellant Daniel Paquette's (Daniel) civil action for damages against his former wife claiming fraudulent misrepresentation by her of the paternity of a child born during their marriage. On December 18, 1997, we entered an order directing both parties to appear and show cause why the issues raised in this appeal should not be summarily decided.

After consideration of the oral arguments of counsel and the memoranda submitted by the parties, we conclude that cause has not been shown and the issues raised can be and will be summarily decided.

Daniel and the defendant in this case were married on May 4, 1986 and on July 24, 1990 were divorced. During their marriage, a daughter was born on September 4, 1986 and the certification of birth registration names Daniel as the father. Some three years after the divorce became final, Daniel's former wife remarried and at that time informed Daniel that he was not in fact the father of the child born during their marriage. Some two years later, Daniel decided to sue his former wife to recover all child support monies that he was ordered by the Family Court to pay for the support of the child. The defendant former wife in that civil action filed a motion to dismiss Daniel's action pursuant to R.C.P. 12(b)(1) and (6) claiming lack of jurisdiction in Superior Court and failure to state a claim for relief. After hearing, a trial justice on September 9, 1997 granted the defendant's motion and dismissed Daniel's action for reason that until the Family Court's final judgment finding the child in question to have been born of Daniel's former marriage with the defendant was vacated or amended, that finding of paternity was "res Judicata all over the line." The trial justice advised Daniel's counsel:

"You've got to amend the final decree."

"Well, you're going to have a choice. You're either going to go back to the Family Court with this or go upstairs, because, as far as I can see, the only court that has any jurisdiction in this case right now is the Family Court."

Daniel opted to "go upstairs," but he should have opted to return to the Family Court. Until such time as the final judgment in the Family Court is properly amended or vacated, its declaration that Daniel is the father of the child born during his marriage to his former wife is final and binding on all, including the Superior Court. Daniel cannot collaterally attack and undo in the Superior Court the Family Court's adjudication of him as being the father of the young girl.

The plaintiff Daniel's appeal is denied and the papers in this case are remanded to the Superior Court.